PER CURIAM.
¶1 Carol Couturier appeals the trial court's order affirming the decision of the Pension Board of the Employees' Retirement System of Milwaukee County (Board) that upheld the recovery of seven months of pension overpayments made to Couturier by the Employees' Retirement System of Milwaukee County (ERS).[1] Couturier received the ERS pension payments as the sole beneficiary of her sister and ERS member, Gloria Schwensow.[2]
¶2 Couturier argues that the Board erred in holding that there is no statute of limitations that applies to the ERS's collection of the overpayments.[3] We disagree, and for the reasons stated below affirm the trial court's order.
BACKGROUND
¶3 Schwensow retired from County employment in 2004. When Schwensow retired, she elected a ten-year certain payment option, which guaranteed a total of 120 pension payments to her or her beneficiary upon her death. Schwensow designated her sister, Couturier, as the sole beneficiary of her pension. Schwensow died in March 2007. The ERS then made the pension payments to Couturier which continued through November 2008.
¶4 Subsequently, the County's retirement office, Retirement Plan Services (RPS), determined that from May 2008 through November 2008 it had overpaid seven months of pension payments to Couturier.
¶5 RPS contends that it sent a letter dated August 31, 2012, to Couturier regarding the overpayments. The letter states that the 120th payment was made in April 2008; however, ERS continued the monthly pension payments of $2110.22 for an additional seven months. The letter further states that as a result of this error, Couturier received an overpayment of $14,771.54, and that ERS was required to seek recoupment. The letter asks Couturier to call to discuss repayment. Couturier claims that she did not receive the letter in 2012 and that she first saw it in 2017.[4]
¶6 Subsequently, by a letter dated December 29, 2016, RPS advised Couturier that the overpayment including five percent interest totaled $18,714.33, and that ERS was required to seek recoupment of any overpayment. The letter informed Couturier that she had a right to appeal the decision under ERS Rule 1016. The letter also stated RPS had previously informed Couturier of an overpayment by letter of August 31, 2012. Couturier received the December 2016 letter from RPS by registered mail on January 3, 2017, and filed a timely appeal on April 27, 2017.
¶7 At a meeting on July 26, 2017, the Board heard Couturier's appeal. As relevant to this appeal, Couturier argued that if the April 2008 benefit cutoff date was correct, ERS violated a six-year statute of limitations by notifying Couturier of the overpayments more than seven years after making the last payment in November 2008.
¶8 The Board rejected the argument and denied the appeal. The Board noted that, as Couturier acknowledged, "there is no statute of limitations in the Ordinances. There is also no statute of limitations in the Rules." The Board further noted that ERS and the Board had consistently sought collection of all overpayments, including those paid more than six years earlier, in accordance with Internal Revenue Service (IRS) guidance.[5] The Board concluded that because ERS Rule 1050 requires ERS to collect overpayments and interest on overpayments, Couturier was responsible for repaying the overpayment in the amount of $18,714.33 plus any additional accrued interest.[6]
¶9 Couturier filed an action with the trial court seeking certiorari review, and declaratory and injunctive relief. Couturier argued that the Board's decision was contrary to law because the Board violated an implied statute of limitations inherent in all pension arrangements because a pension is essentially a contract and, therefore, is subject to the six-year statute of limitations for breach of contract. Couturier also cited the seven-year statute of limitations applicable to recoupment actions under the Wisconsin Employee Trust Fund. She argued that because she did not receive an actual or constructive notice of the ERS overpayments for seven years and eleven months, the action was time barred under Wisconsin case law and the two statutes of limitations noted above.
¶10 In a written decision, the trial court affirmed the Board's decision. The trial court found Couturier's arguments were largely equitable in nature and not grounded in established law and, therefore, the Board properly refused to apply either a six- or seven-year statute of limitations. Thus, the trial court concluded that the Board's decision was not contrary to law. This appeal followed.
DISCUSSION
¶11 Couturier argues that the Board erred in holding that no statute of limitations applies to its collection of pension overpayments. Her arguments are largely the same as those she made to the trial court.
I. The standard of review
¶12 This case comes before us as a common law certiorari review of the Board's decision upholding RPS's determination to recover overpayments from Couturier. On certiorari review, we review the decision of the Board, not that of the trial court. See State ex rel. Harris v. Annuity & Pension Bd. , 87 Wis. 2d 646, 651, 275 N.W.2d 668 (1979).
¶13 This court reviews the record compiled by the Board to determine: (1) whether the Board kept within its jurisdiction; (2) whether the Board proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that the Board might reasonably make the order or determination in question. See Ottman v. Town of Primrose , 2011 WI 18, ¶35, 332 Wis. 2d 3, 796 N.W.2d 411.
¶14 "Wisconsin courts have repeatedly stated that on certiorari review, there is a presumption of correctness and validity to a municipality's decision." Id. , ¶48. However, it does not follow "that affording the municipality a presumption of correctness eviscerates meaningful review." Id. , ¶51. "On certiorari review, the petitioner bears the burden to overcome the presumption of correctness." Id. , ¶50.
II. The Board's determination that no statute of limitations applies to EPS's recovery of overpayments is a correct application of law
¶15 Couturier argues that the Board violated an implied statute of limitations inherent in all pension agreements. She argues that a reasonable time limit for bringing actions is required by Wisconsin's six-year statute of limitations for contract disputes or the seven-year statute of limitations applicable to the Wisconsin Employee Trust Fund.[7] Couturier cites two cases in support of her argument for application of the six-year contract statute of limitations.[8]
¶16 The Board argues that, in determining that ERS may recoup the overpayments made to Couturier without being barred by a statute of limitations, it reasonably rejected her invitation to read a limitations period into "an ERS plan document" when there is no such limitation applicable to Couturier's situation.
¶17 The Board argues that the two cases Couturier relies on are distinguishable because each case involved the application of the six-year contract statute of limitations when the pension sponsor was alleged to have made insufficient payments to the pension trust and/or its beneficiaries. The Board also states that, although Couturier argues for adoption of a breach of contract statute of limitations, she does not explain how ERS's payment of excessive benefits was a breach of a contractual obligation to her or anyone else. The Board quotes the trial court's decision which states, "the overpayment by ERS was not a breach of contract because ERS made full (over)payments on the pension contract."
¶18 In her reply brief, Couturier does not refute the Board's argument. Thus, she is deemed to have conceded that argument. See United Co-op. v. Frontier FS Co-op. , 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure to refute a proposition asserted in a response brief may be taken as a concession). Moreover, this court agrees with the analysis that, in this context, the overpayment was not a breach of contract.
¶19 Couturier also states that a reasonable time limit for bringing actions is required by the Wisconsin Employee Trust Fund. Couturier does not develop this argument, other than to say that because the Employee Trust Fund has a statute of limitations, the ERS plan should also have one. She provides no legal authority to support her contention and, therefore, we need not address it. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (stating "[a]rguments unsupported by references to legal authority will not be considered").
¶20 Further, it is unclear if Couturier is raising an equitable argument that the Board is estopped from collecting overpayments. However, she does not develop this argument. Furthermore, the Board argues in its response brief that a trial court sitting in certiorari cannot properly entertain equitable arguments, citing State ex rel. Greer v. Wiedenhoeft , 2014 WI 19, ¶89, 353 Wis. 2d 307, 845 N.W.2d 373. Couturier does not refute this argument in her reply brief and, therefore, we deem this argument conceded. See United Co-op. , 304 Wis. 2d 750, ¶39.
CONCLUSION
¶21 For the reasons stated, we conclude that the Board's decision was a correct application of the law. Therefore, we affirm the trial court's order.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

The County's Pension Ordinance § 201.24 of the Milwaukee County General Ordinances (MCGO) contains the ordinance provisions relevant to the pension issues in this case. Further, Appendix B to the MCGO contains Rules of the Employee's Retirement System that were adopted by the Board. In this opinion we cite those rules as "ERS Rule" followed by the rule number. For example, ERS Rule 1050. The parties refer to the payments that Couturier received as pension payments and we do the same.

"Member" refers to an employee covered by the Milwaukee County retirement system. See MCGO § 201.24(2.1), (2.5).

We note that before the trial court, Couturier also argued that the Board acted outside its jurisdiction. However, she does not pursue that argument on appeal and, therefore, is deemed to have abandoned the issue. See A.O. Smith Corp. v. Allstate Ins. Cos. , 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).

Each party's appellate brief addresses the mailing/notice issue regarding the 2012 letter. However, based on our resolution of the case, we need not address the issue. See Clark v. Waupaca Cty. Bd. of Adjustment , 186 Wis. 2d 300, 304, 519 N.W.2d 782 (Ct. App. 1994) (stating that "if our decision on one issue disposes of an appeal, we need not review the other issues raised").

The Board's decision also states that ERS is an IRS tax-qualified retirement plan and it must comply with IRS code requirements including being administered in accordance with the ordinances and rules. It also states that pursuant to IRS guidance, if ERS determines that a benefit has been paid in error, it must correct that error and recover the overpayment.

As relevant to this appeal, ERS Rule 1050 provides as follows:
(1) Recalculation/cessation of benefit. Upon discovery of a payment in error, a determination shall be made regarding whether a benefit should have been paid under the Ordinances and Rules.
(a) If the benefit should not have been paid, then the benefit shall cease, and a letter shall be sent to the member or beneficiary explaining the error and requesting repayment of the overpayment, plus interest from the date paid.

The statute of limitations applicable to contract disputes, Wis. Stat. § 893.43(1) (2017-18), states in pertinent part "an action upon any contract ... express or implied ... shall be commenced within 6 years after the cause of action accrues or be barred." All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.
The statute of limitations applicable to the State's employee trust fund, Wis. Stat. § 40.08(10), states:
Limitations on corrections . Service credits granted and contribution, premium and benefit payments made under this chapter are not subject to correction unless correction is requested or made prior to the end of 7 full calendar years after the date of the alleged error or January 1, 1987, whichever is later, unless the alleged error is the result of fraud or unless another limitation is specifically provided by statute. This subsection does not prohibit correction of purely clerical errors in reporting or recording contributions, service and earnings.

Couturier cites Policemen's Annuity and Benefit Fund of the City of Milwaukee v. City of Milwaukee , 2001 WI App 144, ¶¶15-16, 246 Wis. 2d 196, 630 N.W.2d 236, and Welter v. City of Milwaukee , 214 Wis. 2d 485, 497, 571 N.W.2d 459 (Ct. App. 1997).